**Lowell Edward JACKSON, Plaintiff—Appellant,**

v.

**Jean HILL; et al., Defendants—Appellees.**

No. 04–35070.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 11, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable

Lowell Edward Jackson, Ontario, OR, pro se.

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Steven R. Powers, Esq., Office of the Oregon Attorney General, Salem, OR, for Defendants–Appellees.

Before: B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Lowell Edward Jackson, an Oregon state prisoner and a member of the Nation of Islam, appeals pro se the district court's summary judgment in favor of prison officials in Jackson's 42 U.S.C. § 1983 action alleging that the officials violated his First and Fourteenth Amendment rights by failing to provide him with a proper Halal diet, and retaliated against him when he requested a Halal diet. We have jurisdiction under 28 U.S.C. § 1291. We review summary judgment de novo, *Bahrampour v. Lampert*, 356 F.3d 969, 973 (9th Cir. 2004), and we affirm.

■ Jackson contends that defendants violated equal protection guarantees by providing meat to Jewish inmates receiving a Kosher diet, but providing only a vegetarian Halal diet. This contention lacks merit because defendants offered evidence that the Kosher diet does not contain meat and Jackson failed to "introduce some significant probative evidence tending to support [his] complaint." *Bahrampour*, 356 F.3d at 974 (internal quotation omitted). Jackson's other equal protection contentions lack merit because he failed to present evidence either of discriminatory intent, *see Washington v. Davis*, 426 U.S. 229, 239–40, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976), or that "defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith," *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir.1997).

■ Jackson contends that defendants violated his First Amendment rights by preparing and serving food with utensils that had previously been in contact with food items prohibited under Islamic law. This contention lacks merit because defendants offered evidence that the food preparation, service and washing procedures did not violate Islamic law, and Jackson failed to offer any evidence to the contrary. *See id.*

■ Jackson contends that after he applied to receive a Halal diet the defendants retaliated against him by transferring him to another facility. This contention fails because Jackson carried the burden of proving that the retaliatory action had no legitimate penological interest, but he offered no evidence beyond circumstantial timing. *See Pratt v. Rowland*, 65 F.3d 802, 806, 808 (9th Cir.1995).

■ The district court did not abuse its discretion when it denied Jackson's request to order scientific testing to determine if certain Kosher food items contained meat, because Jackson failed to offer any evidence that these items did contain meat. *See State of Cal. v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998).

Jackson's remaining contentions are also without merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.